IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT A VOGEL, | § | |
| TDCJ #1541475, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1971 |
| | § | |
| ASSISTANT WARDEN WAYNE | § | |
| BREWER, *et al*., | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

On August 15, 2014, the Court denied the defendants' motion for summary judgment on the basis of plaintiff's exhaustion of administrative remedies. The Court also granted the defendants' motion to stay the proceedings and instructed them to file any dispositive motions by September 30, 2014. Pending before the Court are several motions filed by the plaintiff.

## II.    PLAINTIFF'S MOTIONS

The plaintiff's motion to proceed *in forma pauperis* [Doc. # # 9] is **DENIED as moot** because the Court has previously granted the plaintiff permission to proceed as a pauper.

The plaintiff has recently filed a motion to amend his pleadings. The plaintiff's attempt to broaden the issues would likely require additional discovery and another motion for summary judgment. Consequently, the Court **DENIES** the motion [Doc.

# # 29] because allowing him to amend his complaint at this late date would unduly prejudice the defendants by subjecting them to a piecemeal presentation of facts and issues. *Parish v. Frazier*, 195 F.3d 761, 763-764 (5th Cir. 1999).

The plaintiff has filed a motion for appointment of counsel claiming that the issues are complex and that a skilled attorney is necessary to conduct discovery. A civil rights plaintiff does not have an automatic right to the appointment of counsel. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) (citing *Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987)). The appointment of counsel is not required unless a case presents exceptional circumstances. *Id.* (citing *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982)). In deciding whether to appoint counsel to represent a litigant in federal court, the Court considers the case's type and complexity, the litigant's ability to investigate and present his claims, and the level of skill required to present the evidence. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

The facts in this case are not complex. The plaintiff alleges that he was attacked by guards, and the defendants have argued that he has failed exhaust available prison administrative remedies. The Court has liberally interpreted the pleadings in the plaintiff's favor and will consider appointing counsel should this matter go to trial. Therefore the motion [Doc. # # 30] is **DENIED**.

## II.     CONCLUSION AND ORDER

For the reasons stated, it is hereby

**ORDERED** that plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. # 9] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion to Amend Pleadings [Doc. # # 29] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion for Appointed Counsel [Doc. # # 30] is **DENIED**.

SIGNED at Houston, Texas, this  25th   day of **August, 2014.**

_____
Nancy F. Atlas
United States District Judge